UNITED STATES DISTRICT COURT FILED AUG 02 2021 MARY C. LOEWENGUTH, CLERK WESTERN DISTRICT OF NY

Revised 07/07 WDNY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Elijah Shepherd

Name(s) of Plaintiff or Plaintiffs

Jury Trial Demanded: Yes____ No X

-vs-

Bob Thomas 3 Stue Mills

Name of Defendant or Defendants

DISCRIMINATION COMPLAINT
21 -CV- 6508 EAW

You should attach a copy of your **original Equal Employment Opportunity Commission (EEOC) complaint**, a copy of the Equal Employment Opportunity Commission **decision**, AND a copy of the **"Right to Sue"** letter you received from the EEOC to this complaint. Failure to do so may delay your case.

***Note:*** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

This action is brought for discrimination in employment pursuant to *(check only those that apply)*:

✓ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub.L.No. 102-166) (race, color, gender, religion, national origin).

**NOTE:** In order to bring suit in federal district court under Title VII, you **must first obtain a right to sue letter** from the Equal Employment Opportunity Commission.

____ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub.L.No. 99-592, the Civil Rights Act of 1991, Pub.L.No. 102-166).

**NOTE:** In order to bring suit in federal district court under the Age Discrimination in Employment Act, you **must first file charges** with the Equal Employment Opportunity Commission.

____ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117 (amended by the Civil Rights Act of 1991, Pub.L.No. 102-166).

**NOTE:** In order to bring suit in federal district court under the Americans with Disabilities Act, you **must first obtain** a **right to sue letter** from the Equal Employment Opportunity Commission.

**JURISDICTION** is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub.L.No. 102-166, and any related claims under New York law.

**In addition to the federal claims indicated above,** you may wish to include New York State claims, pursuant to 28 U.S.C. § 1367(a).

______ New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status).

**PARTIES**

1. My address is: ~~769 Lake ave~~ 116 West Main Street P.O. Box 14754 Rochester NY 14614

My telephone number is: (585) 470-5623

2. The name of the employer(s), labor organization, employment agency, apprenticeship committee, state or local government agency who I believe discriminated against me is/are as follows:

Name: Bob Thomas, Steve Mills, brittany weeks

Number of employees: 3

Address: 56 Clintwood court

3. (If different than the above), the name and/or the address of the defendant with whom I sought employment, was employed by, received my paycheck from or whom I believed also controlled the terms and conditions under which I were paid or worked. (For example, you worked for a subsidiary of a larger company and that larger company set personnel policies and issued you your paycheck).

Name: ______

Address: ______

**CLAIMS**

4. I was first employed by the defendant on (date): 1/2/20

5. As nearly as possible, the date when the first alleged discriminatory act occurred is: 9/23

6. As nearly as possible, the date(s) when subsequent acts of discrimination occurred (if any did): 10/21 11/21

7. I believe that the defendant(s)

a. ✓ Are still committing these acts against me.
b. ______ Are not still committing these acts against me.
(Complete this next item **only** if you checked "b" above) The last discriminatory act against me occurred on (date) ______

8. (Complete this section **only** if you filed a complaint with the New York State Division of Human Rights)

The date when I filed a complaint with the New York State Division of Human Rights is 4/20
_ (estimate the date, if necessary)

I filed that complaint in (identify the city and state): Rochester N.Y.

The Complaint Number was: ______

9. The New York State Human Rights Commission did did /did not ______ issue a decision. (**NOTE: If it did** issue a decision, you **must attach** one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

10. The date (if necessary, estimate the date as accurately as possible) I filed charges with the Equal Employment Opportunity Commission (EEOC) regarding defendant's alleged discriminatory conduct is: 6/29

11. The Equal Employment Opportunity Commission did did /did not ______ issue a decision. (**NOTE: If it did** issue a decision, you **must attach** one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

12. The Equal Employment Opportunity Commission issued the attached Notice of Right to Sue letter which I received on: 7/29/21. (**NOTE:** If it

**did** issue a Right to Sue letter, you **<u>must</u> attach** one copy of the decision to **<u>each</u>** copy of the complaint; failure to do so will delay the initiation of your case.)

13. I am complaining in this action of the following types of actions by the defendants:

a. ________ Failure to provide me with reasonable accommodations to the application process

b. ________ Failure to employ me

c. ___✓___ Termination of my employment

d. ________ Failure to promote me

e. ________ Failure to provide me with reasonable accommodations so I can perform the essential functions of my job

f. ________ Harassment on the basis of my sex

g. ________ Harassment on the basis of unequal terms and conditions of my employment

h. ___✓___ Retaliation because I complained about discrimination or harassment directed toward me

i. ___✓___ Retaliation because I complained about discrimination or harassment directed toward others

j. ________ Other actions (please describe) ________________________________

14. Defendant's conduct is discriminatory with respect to which of the following *(check all that apply)*:

a. ___✓___ Race

b. ______ Color

c. ______ Sex

d. ______ Religion

e. ______ National Origin

f. ______ Sexual Harassment

g. ______ Age

________________ Date of birth

h. ____ Disability
Are you incorrectly perceived as being disabled by your employer?
____ yes ____ no

15. I believe that I was _was_ /was not _____ **intentionally** discriminated against by the defendant(s).

16. I believe that the defendant(s) is/are are is not/are not _____ still committing these acts against me. (If you answer is that the acts are not still being committed, state when: ________________ and why the defendant(s) stopped committing these acts against you: Ive see Mr Thomas and mr Mills Driving around Since my illegal termination

17. **A copy of the charge to the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of my claim.** (**NOTE:** You **must** attach a copy of the **original complaint** you filed with the Equal Employment Opportunity Commission and a copy of the **Equal Employment Opportunity Commission affidavit** to this complaint; failure to do so will delay initiation of your case.)

18. The Equal Employment Opportunity Commission *(check one)*:
___ **has not** issued a Right to sue letter
✓ **has** issued a Right to sue letter, which I received on 7/29/21

19. State here as briefly as possible the *facts* of your case. Describe how each defendant is involved, including *dates* and *places*. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. *(Use as much space as you need. Attach extra sheets if necessary.)*

When I Began working for Clintwood I began being harassed agressively by mr Steve Mills [illegible] followed spoke to derogatory as well as coming to work early ready to complete my Duties as well as everything else asked of me Like I wald every Day and the Door would be lock trying to get me just to leave and also the words (nigger) get out of hear spoken by mr bob Thomas will haunt me forever

**FOR LITIGANTS ALLEGING AGE DISCRIMINATION**

20. Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct
_______ 60 days or more have elapsed ✓ less than 60 days have elapsed

**FOR LITIGANTS ALLEGING AN AMERICANS WITH DISABILITIES ACT CLAIM**

21. I first disclosed my disability to my employer (or my employer first became aware of my disability on ________________

22. The date on which I first asked my employer for reasonable accommodation of my disability is ______________________________________________

23. The reasonable accommodations for my disability (if any) that my employer provided to me are: ______________________________________________

24. The reasonable accommodation provided to me by my employer were _____/were not ______ effective.

**WHEREFORE,** I respectfully request this Court to grant me such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

Dated: 7/29/21

Plaintiff's Signature

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of New York

| | | |
|---|---|---|
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* ______________________________
was received by me on *(date)* ______________.

☐ I personally served the summons on the individual at *(place)* ______________________________
______________________________ on *(date)* ______________ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* ______________________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________________ on *(date)* ______________ ; or

☐ I returned the summons unexecuted because ______________________________ ; or

☐ Other *(specify)*: ______________________________
______________________________.

My fees are $ ________ for travel and $ ________ for services, for a total of $ ________.

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc:

EEOC Form 161 (11/2020)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Elijah J. Shephard**
**116 West Main Street**
**P.O. Box 14754**
**Rochester, NY 14614**

From: **New York District Office**
**33 Whitehall Street**
**5th Floor**
**New York, NY 10004**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16G-2020-02660** | **Holly M. Shabazz, State & Local Program Manager** | **(929) 506-5316** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other *(briefly state)* **Charging Party wishes to pursue matter in Federal District Court.**

**- NOTICE OF SUIT RIGHTS -**

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

[signature]

**Judy A. Keenan,**
**District Director**

July 29, 2021
*(Date Issued)*

Enclosures(s)

cc: **Attn: Bob Tomas & Steve Mills**
**CLINTWOOD ASSOCIATES, LP**
**56 Clintwood Court**
**Rochester, NY 14620**

**Division of Human Rights**

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

| | |
|---|---|
| NEW YORK STATE DIVISION OF HUMAN RIGHTS on the Complaint of<br><br>ELIJAH J. SHEPHARD,<br>Complainant,<br>v.<br><br>CLINTWOOD ASSOCIATES, LP, BOB THOMAS, STEVE MILLS, BRITTANY WEEKS,<br>Respondents. | DETERMINATION AFTER INVESTIGATION<br><br>Case No. 10207588 |

Federal Charge No. 16GC002660

On 4/14/2020, Elijah J. Shephard filed a verified complaint with the New York State Division of Human Rights ("Division"), charging the above-named Respondents with an unlawful discriminatory practice relating to employment because of age, sex, sexual orientation, marital status, race/color in violation of N.Y. Exec. Law, art. 15 ("Human Rights Law").

After investigation, the Division has determined that it has jurisdiction in this matter and that <u>PROBABLE CAUSE</u> exists to believe that the Respondents have engaged in or are engaging in the unlawful discriminatory practice complained of.

Pursuant to the Human Rights Law, this matter is recommended for public hearing. The parties will be advised of further proceedings.

Dated: OCT 01 2020
Syracuse, New York

STATE DIVISION OF HUMAN RIGHTS

Julia B Day

By: ______________________
Julia B. Day
Regional Director

**Information to the Parties**
**Following Determination of Probable Cause**

The New York State Division of Human Rights ("Division") is the administrative agency charged with enforcing the New York State Human Rights Law. The Division investigates complaints of discrimination, determines whether there is probable cause to believe that discrimination has occurred, and conducts a public hearing of the complaint where probable cause is found. Probable cause has been found in this case, and the matter will now proceed to a public hearing before an Administrative Law Judge.

If a Complainant does not have a private attorney, the Division will assign an attorney to present the case in support of the complaint. The Division attorney at all times represents the Division, not the Complainant personally. Substitutions and reassignments of Division attorneys and Administrative Law Judges are within the Division's discretion.

The Division generally schedules public hearings for two consecutive days, which may be allocated with one day each for the presentation of Complainant's and Respondent's cases. There is no formal discovery. Parties may exchange document and witness lists at the preliminary conference, which will take place during the first hour of the first day of the public hearing.

Prior to receiving the notice setting out the date and time of the public hearing, parties may receive notice of a Pre-Hearing Settlement Conference, which will be scheduled several weeks before the public hearing. If Respondent wishes to make an offer of settlement prior to that time, Respondent should contact the Hearing Attorneys Unit at (718) 741-8396.

The Division has its own Rules of Practice which can be found on the Division's website, www.dhr.ny.gov. The New York Civil Practice Law and Rules and the Federal Rules of Procedure and Evidence are inapplicable to Division proceedings. Please cite to New York State case law wherever possible in all submissions to the Division.

The parties have a continuing obligation to keep the Division advised as to any changes in the case including:

1. Changes in name, address and/or telephone number of the parties and successors in interest.
2. Commencement of proceedings in another forum.
3. Settlement of the case.

Any of the above information should be timely provided to the Division, IN WRITING on the attached form to the following by mail or fax:

**New York State Division of Human Rights**
**Attn: Chief Calendar Clerk**
**One Fordham Plaza, 4th Floor**
**Bronx, New York 10458**
**Fax: (718) 741-8333**

If the Complainant wishes to seek dismissal of this matter to proceed in an alternate forum, an application should be filed with the Chief Calendar Clerk at the above listed address, preferably within twenty (20) days of the date of this determination.

The parties also have a continuing obligation to maintain certain information, records, etc., as follows:

1. Parties must keep track of the whereabouts of their witnesses.
2. Parties are obligated to identify and preserve all evidence relating to the case, including evidence relating to any incidents which relate to the case that occur after the Division makes a finding of probable cause, and including all evidence whether for or against that party's interests.
3. Parties are responsible for recording and keeping evidence relating to any increase or reduction in damages.

Finally, if you would like to request a copy of the investigation file, please do so promptly. Put your request in writing to:

**New York State Division of Human Rights**
**Attn: FOIL Officer**
**One Fordham Plaza, 4th Floor**
**Bronx, New York 10458**
**Fax: (718) 741-8256**
**Email: foil@dhr.ny.gov**

Please note that your request for documents, or the Division's response or date of response thereto, will not affect the date of the hearing, and cannot be used to request a postponement or rescheduling of the hearing. Costs for copying, established by statute, will apply.

## FREQUENTLY ASKED QUESTIONS

The New York State Human Rights Law and the Division's Rules of Practice outline the policies and procedures that govern hearings administered by the New York State Division of Human Rights. The Law and the Rules are available on the Division's website at www.dhr.ny.gov. Parties may consult with their own attorneys on questions about and interpretations of the Law and/or the Rules. The following are general responses to frequently asked questions. The responses are not legal advice, and should be used for informational purposes only.

## Adjournments

6. **What should I do if I have a conflict with the hearing date that is scheduled?**

You should submit, as early as possible, a written request for an adjournment of the hearing, stating the basis for your request, to all parties and the Administrative Law Judge.

7. **On what basis will the judge grant an adjournment? Will I receive a letter with new dates?**

Adjournment of a public hearing is granted only for actual engagement before a higher tribunal on the specific dates of the public hearing, or for other good cause shown as determined by the Division. If a case is adjourned, the Division will schedule a new hearing date.

## Public Hearing

8. **What happens if I do not appear for the hearing?**

A complainant's failure to appear at a public hearing may result in a dismissal of a complaint, and a respondent's failure to appear may result in a default finding against a respondent.

9. **How long is the hearing?**

Public hearings are generally scheduled for two (2) days.

10. **Can I speak with the Judge?**

*Ex parte* communication (*i.e.*, by only one party) with the judge assigned to the case is strictly prohibited. The parties may jointly request a conference with a judge through the Office of Administrative Law Judges.

## Additional Information

11. **I have more questions. Where can I call for more information?**

If necessary, you may call Shirese Taylor, Chief Calendar Clerk, at (718) 741-8400. We do request that you call only if the situation is urgent. Please do not call to ask the status of your case; the Division will contact *you* at the appropriate time. Frequent telephone contact can interfere with the prompt processing of your hearing. Please do not call your regional office; they will not have information on the hearing process.

**IF YOU MOVE, SETTLE, OR INTEND TO CHANGE FORUM**
**Complete, sign and date, and return this form to:**

**New York State Division of Human Rights**
**Attn: Chief Calendar Clerk**
**One Fordham Plaza, 4th Floor**
**Bronx, New York 10458**
**Fax: (718) 741-8333**

Re: Elijah J. Shephard v. Clintwood Associates, LP, Bob Thomas, Steve Mills, Brittany Weeks
Case No. 10207588

Name: ______________________________

Address: ______________________________

______________________________

Telephone: ______________________________

I will be at my new address after: ______________________________

**New NAME ☐ ADDRESS ☐ and/or TELEPHONE NUMBER ☐**

Please indicate below the name, address, and telephone number of a person who may be contacted and who will know your whereabouts if the Division cannot locate you:

______________________________

______________________________

______________________________

**Commencement of proceedings in another forum, or settlement:**
Below please indicate, for other proceedings, the name of the forum and the name, address, and telephone number of the attorney handling the matter. For settlement, please explain briefly the circumstances under which the case was settled, and whether terms have been complied with.

______________________________

______________________________

______________________________

______________________________ ______________
Signature Date

______________________________
Print Name

## Before the Public Hearing

1. **I recently received a "Determination After Investigation" letter from the Division, stating that there is probable cause to believe that discrimination has occurred in my case and that the case will be scheduled for a public hearing. What does this mean and when will the case be scheduled for a hearing?**

   Where the Division finds probable cause after investigation, the Human Rights Law requires that the entire case be heard at a public hearing before an administrative law judge, where all relevant evidence is presented and the testimony of witnesses is taken under oath and subject to cross-examination. You will receive written notice from the Division of the hearing date, time, and location of the hearing. The hearing usually is scheduled to occur 4 to 6 weeks from the date of the written notice. Prior to receiving this notice, you may receive notice of a Pre-Hearing Settlement Conference, where your case will come before an Administrative Law Judge for the purpose of exploring settlement.

2. **Do we pick the dates for the hearing?**

   No. The Division selects dates for a public hearing, and notifies the parties in writing through the notice of hearing.

3. **What do I bring to the hearing, such as documents, witnesses, etc.?**

   The parties should identify and bring all documents and witnesses relevant to their claims and/or defenses. The parties should review the notice of hearing, which is issued via mail.

4. **Now that the case is scheduled for a hearing, what happens next?**

   The case proceeds to a public hearing on the scheduled date. The Complainant may consult with his or her own attorney. If Complainant does not have an attorney, please wait to be contacted by a Division attorney, who will present the case in support of the complaint. Further, the parties should review the notice of hearing, which is issued via mail.

5. **When should an answer be filed and can it be faxed?**

   An answer should be served by the respondent(s) on all parties and the Administrative Law Judge at least two (2) business days before the public hearing. This is a statutory requirement. All formal papers, including but not limited to the answer, must be submitted via personal service, mail, or fax (with an original to follow) for proper docketing and timely filing. Formal papers submitted via electronic mail are deemed courtesy copies and do not constitute proper service.

# NEW YORK STATE

# DIVISION OF HUMAN RIGHTS

TO: Files

REGION: Rochester

FROM: Julia B. Day
Regional Director

DATE: September 24, 2020

SDHR CASE NO: 10207588-20-E-AMSI-E

Federal Charge No. 16GC002660

SUBJECT: Elijah J. Shephard v. Clintwood Associates, LP, Bob Thomas, Steve Mills, Brittany Weeks

---

## FINAL INVESTIGATION REPORT AND BASIS OF DETERMINATION

## I. CASE SUMMARY

This is a verified complaint, filed by complainant, Elijah J. Shephard, on Tue 4/14/2020. The complainant who is was born on August 18, 1989, is male, single, heterosexul, and black charges the respondents with unlawful discriminatory practices in relation to employment because of age, sex, sexual orientation, marital status, race/color.

## II. SUMMARY OF INVESTIGATION

<u>Complainant's Position</u>:
Complainant alleged that he was subjected to racially offensive comments throughout his employment with Respondent. Complainant further alleged that he was terminated due to his race/color. Complainant also alleged that he was sexually harassed while employed by Respondent and indicated that he was subjected to worse conditions due to rejection of the sexual advances.

<u>Respondents' Position</u>:
Respondents denied that Complainant was subjected to discriminatory employment practices. All Respondents denied that Complainant was subjected to any racially offensive language and/or sexual harassment in the workplace. Respondent maintains that Complainant was terminated for legitimate, non-discriminatory business reasons when Complainant had shown that he could not completed the assigned tasks job duties on multiple occasions.

<u>Investigator's Observations</u>:

It should be noted that Complainant acknowledged that although he checked the boxes for age,

marital status, and sexual orientation discrimination, and there were no allegations related to such.

The investigation has revealed:

Complainant began working for Respondent on or around October 2019 for cleaning related tasks. Complainant maintains that during his employment he was subjected to multiple incidents of racially offensive slurs.

Complainant identified two interactions with Respondent's Maintenance Technician, Steve Mills where he alleged that sometime in November 2019, Mills referred to Complainant as "Nigger" on two separate occasions. Steve Mills denied the allegations and denied that he ever said any slurs to Complainant.

Complainant identified three instances throughout his employment where he maintains that Respondent's Superintendent of Maintenance, Bob Thomas, referred to him as nigger on two occasions in January 2020, and the third racial slur occurred shortly after he terminated Complainant's employment in March 2020. Mr. Thomas denied ever making any racial slurs while interacting with Complainant or in Complainant's presence.

Complainant also alleged that he was subjected to racial and sexual harassment by Respondent's Rental Manager, Brittany Weeks. Complainant maintains that Ms. Weeks would follow him around units that he was assigned to clean, berate him, call him "nigger", and a "piece of shit" on approximately 7-8 occasions. Ms. Weeks denied the allegation.

Complainant also described that in January 2020, Weeks followed him into a unit, winked at him, and try to come into physical close contact with him in such a way where he believes she was making a sexual advance at him. Ms. Weeks denied the allegations and denied making any sexual advance toward Complainant.

Complainant maintains that he rejected her sexual advances, and due to this rejection, Ms. Weeks would speed her SUV in his direction when he was leaving the workplace at the end of the business day. Ms. Weeks denied the allegation and added that she doesn't drive to work as she lives in the complex and so she walks to her apartment unit at the end of the workday.

The parties also dispute the circumstances of the of Complainant's termination. Complainant maintains that he did not have any resident complaints, and although he attempted to complete his work as directed and/or necessary, he was subjected to a hostile work environment due to his race/color and/or sex. According to Respondent, Complainant had resident complaints where a resident indicated that the resident was made to feel uncomfortable when Complainant sat outside of the resident's door for over an hour, another resident complained that Complainant was lurking outside of that resident's window, Complainant delivered resident letters to the wrong units, Complainant had difficulty communicating when work tasks were assigned, Complainant would complete tasks not assigned to him, and Complainant was taking unapproved breaks throughout the day. Respondents maintains that after multiple verbal and a written warning, Complainant did not improve his performance which led to Complainant being

terminated on March 31, 2020.

Submitted by: Johnnayea Edmond

Johnnayea Edmond
Human Rights Specialist II

## III. BASIS FOR DETERMINATION

For workplace harassment alleged to have occurred on or after October 11, 2019, or alleged to have continued until or beyond that date, the legal standard for actionable harassment, including but not limited to sexual harassment, has been changed by an amendment to the Human Rights Law. To be an unlawful discriminatory practice, harassment is no longer required to be "severe or pervasive." The amendment added the following new paragraph:

> 1. It shall be an unlawful discriminatory practice:
> (h) For an employer, licensing agency, employment agency or labor organization to subject any individual to harassment because of an individual's age, race, creed, color, national origin, sexual orientation, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, domestic violence victim status, or because the individual has opposed any practices forbidden under this article or because the individual has filed a complaint, testified or assisted in any proceeding under this article, regardless of whether such harassment would be considered severe or pervasive under precedent applied to harassment claims. Such harassment is an unlawful discriminatory practice when it subjects an individual to inferior terms, conditions or privileges of employment because of the individual's membership in one or more of these protected categories. The fact that such individual did not make a complaint about the harassment to such employer, licensing agency, employment agency or labor organization shall not be determinative of whether such employer, licensing agency, employment agency or labor organization shall be liable. Nothing in this section shall imply that an employee must demonstrate the existence of an individual to whom the employee's treatment must be compared. It shall be an affirmative defense to liability under this subdivision that the harassing conduct does not rise above the level of what a reasonable victim of discrimination with the same protected characteristic or characteristics would consider petty slights or trivial inconveniences.

Executive Law, art. 15 (Human Rights Law) § 296.1(h). These new standards have been applied in order to make a determination in this case as to whether there is probable cause to believe that unlawful discrimination has occurred, based on the evidence obtained from the investigation.

Complainant alleges several incidents of racially offensive conduct which he maintains contributed to a hostile work environment. Complainant also described being subjected to unwanted sexual attention and being subjected to hostility when that sexual attention was

rejected. Although Respondents denies Complainant's allegations, if Complainant's version is true, Complainant may have been subjected to inferior terms and conditions of employment. This is a material issue of fact in dispute. These material issues of fact in dispute must be resolved in the context of a full public hearing where there is opportunity for cross examination, sworn testimony, and credibility can be established. Therefore, there is probable cause to support the allegations as contained in the complaint.

Reviewed & Approved: Johnnayea Edmond

Johnnayea Edmond
Human Rights Specialist II

## IV. DETERMINATION

Based on the foregoing, I find probable cause to support the allegations of the complaint.

Julia B Day

Julia B. Day
Regional Director

LawManager

**NY DHR**
**EVENT HISTORY WITH COMMENTS**

**Name: Elijah J. Shephard v Clintwood Associates, LP; Bob Thomas; Steve Mills; Brittany Weeks (1)**

| Complaint ID | Complaint Code | Date Filed | Investigating Office | HRS |
| --- | --- | --- | --- | --- |
| 10207588 | 20-E-AMRSI-E | 4/14/2020 | Rochester | Johnnayea Edmond |

NY DHR

EVENT HISTORY WITH COMMENTS

**Name: Elijah J. Shephard v Clintwood Associates, LP; Bob Thomas; Steve Mills; Brittany Weeks (1)**

**Events (38)**

**Unit:** Regional
**Type:** COVID-19 comment
**SubType:** affected at Regional by COVID-19 after filing
**Date:** Tue 4/14/2020
**Status:** Completed
**Date Completed:** 4/15/2020
**Comments:** Due to the ongoing COVID-19 global pandemic, an automatic 60 days ext to respond has been granted.

---

**Unit:** Regional
**Type:** Serve Complaint on Respondent
**SubType:**
**Date:** Tue 4/14/2020
**Status:** Completed
**Date Completed:** 4/14/2020
**Comments:**

---

**Unit:** Regional
**Type:** Complaint Filed
**SubType:**
**Date:** Tue 4/14/2020
**Status:** Completed
**Date Completed:** 4/14/2020
**Comments:**

---

**Unit:** EEOC Contracts
**Type:** Review Intake (ECU)
**SubType:**
**Date:** Tue 4/14/2020
**Status:** Pending
**Date Completed:**
**Comments:**

---

**Unit:** Regional
**Type:** Notation to file
**SubType:**
**Date:** Tue 4/14/2020
**Status:** Completed
**Date Completed:** 4/14/2020
**Comments:** Complaint was served to R via email and fax and confirmation of filing was sent to C via email due to national emergency.

---

**Unit:** Regional
**Type:** Response Received from Respondent
**SubType:**
**Date:** Mon 6/8/2020
**Status:** Completed
**Date Completed:** 6/8/2020
**Comments:**

---

**EVENT HISTORY WITH COMMENTS**

**Name: Elijah J. Shephard v Clintwood Associates, LP; Bob Thomas; Steve Mills; Brittany Weeks (1)**

**Events (38)**

**Unit:** Regional
**Type:** COVID-19 comment
**SubType:** affected at Regional by COVID-19 after filing
**Date:** Tue 4/14/2020
**Status:** Completed
**Date Completed:** 4/15/2020
**Comments:** Due to the ongoing COVID-19 global pandemic, an automatic 60 days ext to respond has been granted.

---

**Unit:** Regional
**Type:** Serve Complaint on Respondent
**SubType:**
**Date:** Tue 4/14/2020
**Status:** Completed
**Date Completed:** 4/14/2020
**Comments:**

---

**Unit:** Regional
**Type:** Complaint Filed
**SubType:**
**Date:** Tue 4/14/2020
**Status:** Completed
**Date Completed:** 4/14/2020
**Comments:**

---

**Unit:** EEOC Contracts
**Type:** Review Intake (ECU)
**SubType:**
**Date:** Tue 4/14/2020
**Status:** Pending
**Date Completed:**
**Comments:**

---

**Unit:** Regional
**Type:** Notation to file
**SubType:**
**Date:** Tue 4/14/2020
**Status:** Completed
**Date Completed:** 4/14/2020
**Comments:** Complaint was served to R via email and fax and confirmation of filing was sent to C via email due to national emergency.

---

**Unit:** Regional
**Type:** Response Received from Respondent
**SubType:**
**Date:** Mon 6/8/2020
**Status:** Completed
**Date Completed:** 6/8/2020
**Comments:**

---

LawManager®

**NY DHR**
**EVENT HISTORY WITH COMMENTS**

**Name: Elijah J. Shephard v Clintwood Associates, LP; Bob Thomas; Steve Mills; Brittany Weeks (1)**

**Events (38)**

**Unit:** Regional
**Type:** Rebuttal Requested
**SubType:**
**Date:** Mon 6/8/2020
**Status:** Completed
**Date Completed:** 6/8/2020
**Comments:**

---

**Unit:** Regional
**Type:** Complainant Contact
**SubType:** Phone and E-mail
**Date:** Mon 6/8/2020
**Status:** Completed
**Date Completed:** 6/8/2020
**Comments:** Tried to email response to CP, undeliverable. Tried to call and phone is not accepting calls now.

---

**Unit:** Regional
**Type:** Complainant Contact
**SubType:** Mail
**Date:** Wed 6/10/2020
**Status:** Completed
**Date Completed:** 6/10/2020
**Comments:** Since I could not reach CP by phone or email the response and request for rebuttal were mailed to him today.

---

**Unit:** All
**Type:** Serve Amendment
**SubType:**
**Date:** Wed 6/10/2020
**Status:** Completed
**Date Completed:** 6/10/2020
**Comments:**

---

**Unit:** All
**Type:** Administrative Amendment Generated
**SubType:**
**Date:** Wed 6/10/2020
**Status:** Completed
**Date Completed:** 6/10/2020
**Comments:**

---

**Unit:** Regional
**Type:** Respondent Contact
**SubType:** Mail
**Date:** Thu 6/11/2020
**Status:** Completed
**Date Completed:** 6/11/2020
**Comments:** RP's PS hard copy received

---

LawManager®

**NY DHR**
**EVENT HISTORY WITH COMMENTS**

**Name: Elijah J. Shephard v Clintwood Associates, LP; Bob Thomas; Steve Mills; Brittany Weeks (1)**

**Events (38)**

**Unit:** Regional
**Type:** Rebuttal Requested
**SubType:**
**Date:** Mon 6/8/2020
**Status:** Completed
**Date Completed:** 6/8/2020
**Comments:**

---

**Unit:** Regional
**Type:** Complainant Contact
**SubType:** Phone and E-mail
**Date:** Mon 6/8/2020
**Status:** Completed
**Date Completed:** 6/8/2020
**Comments:** Tried to email response to CP, undeliverable. Tried to call and phone is not accepting calls now.

---

**Unit:** Regional
**Type:** Complainant Contact
**SubType:** Mail
**Date:** Wed 6/10/2020
**Status:** Completed
**Date Completed:** 6/10/2020
**Comments:** Since I could not reach CP by phone or email the response and request for rebuttal were mailed to him today.

---

**Unit:** All
**Type:** Serve Amendment
**SubType:**
**Date:** Wed 6/10/2020
**Status:** Completed
**Date Completed:** 6/10/2020
**Comments:**

---

**Unit:** All
**Type:** Administrative Amendment Generated
**SubType:**
**Date:** Wed 6/10/2020
**Status:** Completed
**Date Completed:** 6/10/2020
**Comments:**

---

**Unit:** Regional
**Type:** Respondent Contact
**SubType:** Mail
**Date:** Thu 6/11/2020
**Status:** Completed
**Date Completed:** 6/11/2020
**Comments:** RP's PS hard copy received

---

**Name: Elijah J. Shephard v Clintwood Associates, LP; Bob Thomas; Steve Mills; Brittany Weeks (1)**

**Events (38)**

**Unit:** Regional
**Type:** One Party Conference
**SubType:** Complainant
**Date:** Tue 7/14/2020
**Status:** Completed
**Date Completed:** 7/14/2020
**Comments:** A Complainant conference was attempted today, but was not held. Cp stated that when we spoke last week, I sounded Caucasian, and he was going to request a different investigator, but decided to wait and see. He then started discussing a racial slur used towards him and said that he was only targeted due to his race. When I advised him that he did not file this complaint on race and did not include the incident re: the racial slur, he said that he knew that and he was trying to feed a family and I had no idea what it was like to live paycheck to paycheck. He then started to explain that Steve, a maintenance guy - and he interjected that maybe I knew Steve - made the comment to him that "I said nigger bitch leave home now." I was attempting to get additional information from him about his race complaint to discuss how to handle this with the RD, since there was no mention of anything related to race in his complaint, but before I could do that, he accused me of being on the side of the people who called him a "nigger bitch." I advised him I would advise Julia Day of what transpired and she would be in touch with him. I then ended the conversation.

---

**Unit:** Regional
**Type:** Complainant Contact
**SubType:** Telephone
**Date:** Tue 7/14/2020
**Status:** Completed
**Date Completed:** 7/14/2020
**Comments:** spoke to cp. Confirmed by reassignment to his case. Agreed on August 13, 2020, at 2pm for cp only conference date.

---

**Unit:** Regional
**Type:** Complainant Contact
**SubType:** Telephone
**Date:** Tue 7/14/2020
**Status:** Completed
**Date Completed:** 7/14/2020
**Comments:** On July 14, 2020, the complainant left a message for me, asking for a change in investigator assignment; also the investigator contacted me, informed me about her conversation with him, and requested that I call the complainant. I called him and informed him that it is unusual to change investigators, but because he made the request and the investigator had no objection, I would approve his request. The complainant spoke at length about the discrimination and oppression that he and other persons of color have experienced, and made denigrating comments about white people, particularly older white people. As he went on, the complainant's volume increased and his anger and hostility appeared to escalate; he repeatedly commented that I would not be able to understand his situation. I repeatedly assured him that all of the Division's investigators, including Ms. Kaplan, are objective, impartial, and dedicated to the agency's mission. I provided the name and telephone number of the new investigator, and assured the complainant that he would be contacted by her in the near future, and the investigation will proceed.

---

**Unit:** Regional
**Type:** Complainant Contact
**SubType:** Mail
**Date:** Thu 7/16/2020
**Status:** Completed
**Date Completed:** 7/16/2020
**Comments:** Sent letter to cp to confirm recent telephone conversation- see docs tab.

---

**Unit:** Regional
**Type:** Complainant Contact
**SubType:** Voicemail
**Date:** Mon 7/27/2020
**Status:** Completed
**Date Completed:** 7/27/2020
**Comments:** MESSAGE Unclear, I returned call, recording said voice mail not setup

---

Unit: Regional
Type: Rebuttal Requested
SubType:
Date: Mon 6/8/2020
Status: Completed
Date Completed: 6/8/2020
Comments:

---

Unit: Regional
Type: Complainant Contact
SubType: Phone and E-mail
Date: Mon 6/8/2020
Status: Completed
Date Completed: 6/8/2020
Comments: Tried to email response to CP, undeliverable. Tried to call and phone is not accepting calls now.

---

Unit: Regional
Type: Complainant Contact
SubType: Mail
Date: Wed 6/10/2020
Status: Completed
Date Completed: 6/10/2020
Comments: Since I could not reach CP by phone or email the response and request for rebuttal were mailed to him today.

---

Unit: All
Type: Serve Amendment
SubType:
Date: Wed 6/10/2020
Status: Completed
Date Completed: 6/10/2020
Comments:

---

Unit: All
Type: Administrative Amendment Generated
SubType:
Date: Wed 6/10/2020
Status: Completed
Date Completed: 6/10/2020
Comments:

---

Unit: Regional
Type: Respondent Contact
SubType: Mail
Date: Thu 6/11/2020
Status: Completed
Date Completed: 6/11/2020
Comments: RP's PS hard copy received

---

and sex.

When asked for his allegations related to being denied training, he said that they did not give him any formal training, and they just gave him supplies. He reported that they just told him how to dilute chemicals, but he already worked in that field and knew the tasks. He added that he worked in housekeeping and worked with power tools. He further added that no ne gave him a walk around but Shephard was very nice to the residents, and he thinks they(residents) were surprised that he's gone because they complimented him on how great of a job he was doing.

When asked for specifics on allegations related to his sexual harassment complaint, he said that the sexual harassment came from Brittany. He went on to say that there was an occasion when he was cleaning a unit, and she winked her eye and said come into the unit, and she wanted to make him come into her office to be close to her. He said that he thinks this was in mid January. He reported that he would not "oblige to her advances", and that is when she began speeding her SUV up in his direction at the end of the work days.

---

**Unit:** Regional
**Type:** Complainant Contact
**SubType:** Telephone
**Date:** Thu 8/13/2020
**Status:** Completed
**Date Completed:** 8/13/2020
**Comments:** Cp was informed that his amendment is due next week.

---

**Unit:** Regional
**Type:** Complainant Contact
**SubType:** Telephone
**Date:** Thu 8/20/2020
**Status:** Completed
**Date Completed:** 8/20/2020
**Comments:** called to check in on the status of Cp's amendment. He stated that he put it in the mail today.

---

**Unit:** Regional
**Type:** Complainant Contact
**SubType:** Mail
**Date:** Thu 8/27/2020
**Status:** Completed
**Date Completed:** 8/27/2020
**Comments:** received Cp's amended complaint. served on R

---

**Unit:** Regional
**Type:** Respondent Contact
**SubType:** E-mail and mail
**Date:** Thu 8/27/2020
**Status:** Completed
**Date Completed:** 8/27/2020
**Comments:** served R and R's atty with Cp's amended complaint via email. R's atty was also sent a hard copy via mail. R and R's atty was also emailed Cp only conference notes and a request that R provide complete names and contact information so that alleged harassers can be served. Info due September 11, 2020.

---

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

21-cv-6508 EAW

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

(b) County of Residence of First Listed Plaintiff [illegible]
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

County of Residence of First Listed Defendant [illegible]
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

RECEIVED AUG 02 2021 ROCHESTER

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☑ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 10,000,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE ______ SIGNATURE OF ATTORNEY OF RECORD ______

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______