UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ELIJAH SHEPHERD,

            Plaintiff,

     -v-

BOB THOMAS and STEVE MILLS,

            Defendants.

_____

**DECISION AND ORDER**

6:21-CV-06508 EAW

## INTRODUCTION

*Pro se* plaintiff Elijah Shepherd ("Plaintiff" or "Shepherd"), a former employee of Clintwood Associates LP ("Clintwood"), commenced this lawsuit on August 2, 2021, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* ("Title VII"), by Clintwood employees Bob Thomas, Steve Mills, and Brittany Weeks. (Dkt. 1).  Shepherd subsequently filed an amended complaint adding Clintwood, (Dkt. 7), which is now the operative pleading (Dkt. 17).  However, after the Court issued an Order to Show Cause because Clintwood and Weeks were never served (Dkt. 27), Plaintiff agreed that they should be dismissed from the lawsuit (Dkt. 28) and they were accordingly dismissed as defendants (Dkt. 29).

The remaining defendants, Thomas and Mills (together, "Defendants"), have now moved for summary judgment, arguing that they cannot be held individually liable under Title VII.  (*See generally* Dkt. 39).  Because there is no individual liability under Title VII, Defendants' summary judgment motion is granted.

## BACKGROUND

The following facts are taken from Defendants' Statement of Undisputed Facts (Dkt. 39-3), Shepherd's response (Dkt. 41),[1] and the exhibits submitted by the parties.

Shepherd began working at Clintwood in or around October 2019, performing cleaning-related duties.  (Dkt. 39-8 at 17; Dkt. 39-10 at ¶ 2).  Clintwood also employed Mills, a maintenance technician, and Thomas, the superintendent of maintenance technicians.  (Dkt. 39-8 at 17; Dkt. 39-10 at ¶¶ 3-4).  Shepherd alleges that Defendants

---

[1]    This District's Local Rules of Civil Procedure require that a party moving for summary judgment file a Statement of Undisputed Facts accompanied by citations to admissible evidence or to evidence that can be presented in admissible form at trial.  *See* L. R. Civ. P. 56(a)(1).  The rule also requires a party opposing summary judgment to file a statement admitting or contesting the moving party's Statement of Undisputed Facts and provides that an opposing party's failure to do so may render the moving party's Statement of Undisputed Facts admitted. L. R. Civ. P. 56(a)(2).  Defendants filed the required statement (Dkt. 39-3) and Plaintiff failed to submit an opposing statement, and therefore the Court could deem Defendants' recitation of the material facts admitted by Plaintiff to the extent they are supported by the record.  Nonetheless, "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules . . . [, and] it may in its discretion opt to conduct an assiduous review of the record even where one of the parties has failed to file [a Local Civil Rule 56(a)(1)] statement." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (internal quotations and citations omitted).  Considering Plaintiff's *pro se* status, the Court in its discretion has conducted an independent review of the record to ascertain whether disputes of material fact exist that would preclude summary judgment in favor of Defendants.  *See Daley v. Cablevision Sys. Corp.*, No. 12-cv-6316, 2016 WL 880203, at *1 (S.D.N.Y. Mar. 7, 2016).

harassed him because of his race on several occasions and he was ultimately terminated in

or around April 2020 because of his race.[2]  (Dkt. 39-8 at 16-17; Dkt. 39-9 at 3).[3]

Shepherd filed a complaint with the New York State Division of Human Rights

("NYSDHR") and obtained a dismissal for administrative convenience to allow him to file

his claims with this Court.  (*See* Dkt. 39-3 at ¶¶ 1-2).  He then filed the instant lawsuit on

August 2, 2021, against Thomas, Mills, and Weeks, alleging claims based on Title VII.

(Dkt. 1 at 1).  Shepherd amended the complaint on October 20, 2021, adding Clintwood as

a defendant.  (Dkt. 7).  Shepherd never served Clintwood or Weeks, and he ultimately

agreed to dismiss both as defendants.  (Dkt. 27; Dkt. 28; Dkt. 29).

The remaining defendants, Thomas and Mills, then moved for summary judgment

on April 21, 2023.  (Dkt. 39).[4]  Shepherd responded on April 25, 2023 (Dkt. 41) and then

filed a further submission ostensibly related to the pending motion on August 30, 2023

(Dkt. 43).

---

[2]     Although Plaintiff checked the boxes for retaliation claims as part of his initial complaint (*see* Dkt. 1 at ¶ 13), Plaintiff has offered no proof that he engaged in any protected activity prior to the termination of his employment and the administrative complaint contained no allegations of retaliation (*see* Dkt. 39-8 at 16-19; Dkt. 39-9; Dkt. 39-10).

[3]     The dates of employment are gleaned from the paperwork completed as part of the investigation by the New York State Division of Human Rights.  The dates recited herein appear to conflict with the dates alleged in Plaintiff's complaint, although the writing in the complaint is difficult to decipher.  In any event, the dates of employment are not critical to a resolution of the pending motion.

[4]     Defendants' first motion for summary judgment (Dkt. 33) was denied without prejudice for failure to comply with the Court's Local Rules (Dkt. 34), and the Court granted Defendants leave to file a renewed motion on or before April 21, 2023 (Dkt. 37; Dkt. 38).

Shepherd fails to dispute that Thomas and Mills were not his employer when he was at Clintwood.   (*See* Dkt. 39-3 at ¶ 9).   On that point, Defendants have submitted uncontroverted evidence that they neither employed Shepherd nor owned any stake in the company that did employ him.  (*See* Dkt. 39-5 at ¶¶ 4-6; Dkt. 39-6 at ¶¶ 4-6; Dkt. 39-7 at ¶ 3).   In response, Shepherd makes unsworn allegations bearing little relevance to the pending motion, largely focusing on speculative assertions that Thomas previously played professional football for the Chicago Bears.  (See Dkt. 41 at 1-8; *see also* Dkt. 43 (unsworn allegations about the residence of Thomas)).[5]

## DISCUSSION

### I.      Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court should grant summary judgment if, after considering the evidence in the light most favorable to the nonmoving party, the Court finds that no rational jury could find in favor of that party.  *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

"The moving party bears the burden of showing the absence of a genuine dispute as to any material fact . . . ."  *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486

---

[5]      Not that it matters, but it does not appear that the former professional football player referenced by Plaintiff—Robert Randall Thomas (*see* Dkt. 41 at 5)—is the same person as the defendant—Kenneth W. Thomas who is also referred to as Bob Thomas (*see* Dkt. 39-6 at 1; Dkt. 39-12 at 3).

(2d Cir. 2014).  "Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial." *Johnson v. Xerox Corp.*, 838 F. Supp. 2d 99, 103 (W.D.N.Y. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).  Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts[] and may not rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (quoting *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011)).  Specifically, the non-moving party "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown*, 654 F.3d at 358.  Indeed, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"Where one party is proceeding *pro se*, the Court reads the *pro se* party's papers liberally and interprets them 'to raise the strongest arguments that they suggest.'" *Thorne v. Lewis*, Case No. 3:19cv24(VLB), 2021 WL 4324475, at *2 (D. Conn. Sept. 23, 2021) (quoting *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015)).  Despite this liberal approach, allegations unsupported by admissible evidence "do not create a material issue of fact" and cannot overcome a properly supported motion for summary judgment. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

## II.    Defendants' Summary Judgment Motion

Defendants argue that Shepherd cannot establish Title VII claims against them because Title VII does not create individual liability.  (Dkt. 39-17 at 2).  Accordingly, because there is no reasonable dispute that Thomas and Mills were not Shepherd's employer, but rather his co-workers or supervisors, Shepherd's Title VII claims fail.  (*Id*.). The Court agrees.

Title VII does not allow the employees of a company to be sued in their individual capacities, even if they are supervisors of the plaintiff.  *Tomka v. Seiler Corp*., 66 F.3d 1295, 1313 (2d Cir. 1995) ("We now hold that individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII."), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998); *see also Reynolds v. Barrett*, 685 F.3d 193, 202 (2d Cir. 2012) ("Employers, not individuals, are liable under Title VII."); *Guerra v. Jones*, 421 F. App'x 15, 17 (2d Cir. 2011) ("As the district court concluded, dismissal of the Title VII and ADEA claims against the individual [d]efendants was appropriate as neither statute subjects individuals, even those with supervisory liability over the plaintiff, to personal liability."); *Felton v. Monroe Cmty. Coll.*, 579 F. Supp. 3d 400, 406 (W.D.N.Y. 2022) ("It is well-settled that there is no individual liability under Title VII.").

Here, it is undisputed that Thomas and Mills are not Shepherd's employer. (*Compare* Dkt. 39-3 ¶ 9 (expressly stating that Thomas and Mills are not Shepherd's employer) *with* Dkt. 41 at 1 (failing to dispute fact and acknowledging Thomas and Mills are individuals "involved with" Clintwood) *and* Dkt. 7 at 1 (amended complaint listing

Thomas and Mills as distinct defendants from Clintwood)).  Shepherd's actual employer, Clintwood, has been dismissed.  (*See* Dkt. 29).  Shepherd consented to that dismissal.  (*See* Dkt. 28).  Accordingly, Shepherd's Title VII claims against Defendants in their individual capacities fail as a matter of law.

Shepherd's opposition fails to raise any valid dispute.  Liberally construing his opposition, Shepherd may be arguing that Thomas contributed to Clintwood's founding or has some ownership interest in the partnership.  (*See* Dkt. 41).  Not only are Shepherd's allegations in this regard completely speculative and without evidentiary support, but Title VII still does not create individual liability in the owners of an employer entity.  *See Padilla v. Sacks & Sacks, LLP*, 19 Civ. 10021 (GBD), 2020 WL 5370799, at *2 (S.D.N.Y. Sept. 8, 2020) ("Title VII does not provide for personal liability . . . . [E]ven if such individuals are the owners of the employer at issue."); *McVay v. Stefanou*, Case No. 3:20-cv-00764 (CSH), 2021 WL 3260852, at *10 (D. Conn. July 30, 2021) (court "considered whether a business owner may face liability under Title VII alongside the owner's business entity and . . . concluded that Title VII does not provide for such liability") (collecting cases).

Therefore, because Shepherd has only brought Title VII claims (*see* Dkt. 7 at 1; *see also* Dkt. 1 at 1), summary judgment is granted in favor of Defendants and this case is dismissed.  The Court finally notes that Shepherd has not asserted claims under the New York State Human Rights Law ("NYSHRL") as part of the pleadings in this action, nor does he attempt to argue as such in opposition to the pending motion.  Of course, under the NYSHRL claims may be pursued against individuals in one of two ways—first, an individual can be liable for discrimination under New York Executive Law § 296(1) if the

individual qualifies as an employer, "that is, one who has 'any ownership interest or any power to do more than carry out personnel decisions made by others,'" *Popat v. Levy*, 253 F. Supp. 3d 527, 540 (W.D.N.Y. 2017) (citations omitted); and second, an individual may be liable under New York State Executive Law § 296(6) as an aider or abettor of the discriminatory conduct, *id*. Again, Plaintiff has not even attempted to pursue claims under the NYSHRL, and for the reasons discussed herein, he could not pursue a claim under § 296(1) as there is no genuine dispute that Defendants were not Plaintiff's employer. Likewise, Plaintiff has made no claims of aiding and abetting liability under § 296(6), but to the extent there is any question in that regard because of Plaintiff's *pro se* status, the Court declines to exercise supplemental jurisdiction over any state-law claims in the event they were attempted to be asserted. *See Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt.*, 712 F.3d 705, 727 (2d Cir. 2013) (when "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims"); *Kruger v. Hamilton Manor Nursing Home*, 10 F. Supp. 3d 385, 391 (W.D.N.Y. 2014) (declining to exercise supplemental jurisdiction over remaining Human Rights Law claims after dismissing all federal claims).

## **CONCLUSION**

For the foregoing reasons, Defendants' motion for summary judgment (Dkt. 39) is granted. The Clerk of Court is directed to enter judgment in favor of Defendants and close this case.


SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court


Dated: October 10, 2023
       Rochester, New York